UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUE BARNES,
an individual,

       Plaintiff,　　　　　　　　　　　Case No.: 1:19-cv-_____

vs.　　　　　　　　　　　　　　　　　**COMPLAINT**

SUPERIOR BUSINESS
SOLUTIONS, a corporation,

       Defendant.

William F. Piper (P38636)
William F. Piper, P.L.C.
**Attorney for Plaintiff**
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

     The Plaintiff Sue Barnes, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

**JURISDICTIONAL ALLEGATIONS**

     1.    The plaintiff Sue Barnes is an individual who lives in the Township of Vicksburg, County of Kalamazoo, State of Michigan, and she resided therein at all times relevant to this complaint.

     2.    The defendant is a corporation that did business in the County of Kalamazoo, State of Michigan, at all times relevant to this complaint.

1

3. This case arises under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq., and the Americans With Disabilities Act, 42 U.S.C. §12101 et. seq., and 42 U.S.C. §1981a.

4. Jurisdiction arises under 28 U.S.C. §1331, because this case involves federal questions.

5. This case involves the plaintiff's employment by the defendant and its demotion of Ms. Barnes' employment by it and its constructive termination of her employment by it on September 26, 2017.

6. Some claims in this matter arise out of this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions as the federal law claims.

**COMMON ALLEGATIONS**

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 6 of this complaint.

8. The plaintiff is a woman who was born in 1957, and by 2015, she had developed back problems, including degenerative disc disease, scoliosis, sciatica and chronic back pain, that substantially affected her ability to work and perform normal labor, and which caused her to miss time from work, but she got her work done.

9. The defendant hired Ms. Barnes in late April 2002.

10. At all times that she worked for the defendant, Ms. Barnes worked in the accounting department, doing billings.

11. At all times that she worked for the defendant, Ms. Barnes did a good job for it.

12. In early 2017 the defendant brought in a much younger woman who had previously had an affair with the accounting manager, even though it didn't need any other people in the accounting department.

13. Ms. Barnes complained that the hiring of the much younger woman was not necessary, and she complained in June 2017 that the younger woman and other younger women in the department were treated more favorably than her.

14. On August 3, 2017 the defendant reduced Ms. Barnes' hours from full-time to twenty hours a week.

15. The other employees in the department were substantially younger and didn't have any disabilities.

16. Because of the reduction in hours, Ms. Barnes lost her health insurance, and, as a result, she was forced to resign and take another job to try to get health insurance on September 26, 2017.

17. The defendant moved another person into the position who was in her mid-thirties and who did not have Ms. Barnes' experience with billings or knowledge of it.

18. Unfortunately, the contract job Ms. Barnes took ended about a month later.

19. As a result of the discrimination and retaliation set forth above, the plaintiff has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life, and other consequential damages.

**COUNT I – AGE DISCRIMINATION**

20. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 19 of this complaint.

21. The defendant demoted and constructively terminated Ms. Barnes' employment because of her age.

22. As a result of the defendant's unlawful age discrimination, the plaintiff suffered, and will continue to suffer the damages set forth above.

23. This claim is actionable under the Age Discrimination in Employment Act, 29 U.S.C. §601 et. seq., and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq.

WHEREFORE, the plaintiff Sue Barnes requests a judgment against the defendant that would include back pay and benefits; liquidated damages under the ADEA, reinstatement in an appropriate position and other equitable relief, including front pay; compensation for all intangible damages past and future, costs, interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT II – DISABILITY DISCRIMINATION

24. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 23 of this complaint.

25. The defendant terminated Ms. Barnes because of her disability.

26. As a result of the constructive termination, Ms. Barnes has suffered and will continue to suffer the damages set forth above.

27. This claim is actionable under the Americans With Disabilities Act, 42 U.S.C. §12101 et. seq. and the Persons With Disabilities Civil Rights Act, MCL 37.1101 et. seq.

WHEREFORE, the plaintiff requests a judgment against the defendant that would include appropriate equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for the loss of income and benefits she suffered and that she will continue to suffer in the future, compensation for all intangible damages that she

suffered in the past and that she will suffer in the future; punitive damages; all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

## COUNT III – RETALIATION

28. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 – 27 of this complaint.

29. The defendant demoted and constructively terminated Ms. Barnes' employment by it because she had complained about age discrimination in June 2017.

30. As a result of the unlawful conduct set forth above Ms. Barnes suffered and will continue to suffer the damages set forth above.

31. This claim is actionable under the Age Discrimination in Employment Act, 29 U.S.C. §601 et. seq. and the Elliott-Larsen Civil Rights Act, MCL 37.2701.

WHEREFORE, the plaintiff Sue Barnes requests a judgment against the defendant that would include back pay and benefits; liquidated damages under the ADEA, reinstatement in an appropriate position and other equitable relief, including front pay; compensation for all intangible damages past and future, costs, interest, attorney's fees, and any other relief this court deems fair and just.

Dated: February 25, 2019

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By:  /s/ William F. Piper
William F. Piper (P38636)
BUSINESS ADDRESS:
1611 West Centre Ave., Ste 209
Portage, Michigan 49024
Phone: 269.321.5008
Fax: 269.321.5009